**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

OTTO BERK,

          Petitioner,     :          Case No. 2:25-cv-00830

   - vs -                  District Judge James L. Graham
                              Magistrate Judge Michael R. Merz

GEORGE A. FREDERICK, WARDEN,
  Marion Correctional Institution,

                            :
          Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Otto Berk under 28 U.S.C. § 2254 to obtain relief from his conviction in the Franklin County Court of Common Pleas on one count of aggravated murder (Petition, ECF No. 1).  On Order of Magistrate Judge Caroline Gentry, to whom this case as initially referred, the Warden has filed the State Court Record (ECF No. 12) and a Return of Writ (ECF No. 13).  Petitioner has responded with a Reply (ECF No. 16), rendering the case ripe for decision.

The Magistrate Judge reference was recently transferred to the undersigned to help balance the Magistrate Judge workload in this District (ECF No. 17).

1

**Litigation History**

On January 9, 1985, the Franklin County Grand Jury handed down an indictment charging Berk with murder, in violation of Ohio Revised Code § 2903.01 (State Court Record, ECF No. 12, Ex. 1).  A trial jury found Berk guilty and he was sentenced to life in prison with parole eligibility at twenty years. *Id.* at Exs. 14, 15.

With new counsel, Berk appealed to the Ohio Tenth District Court of Appeals which affirmed. *State v. Berk*, 1986 Ohio App. LEXIS 5597 (Ohio App. 10th Dist. Feb. 11, 1986)("Berk I").  The Ohio Supreme Court dismissed a further appeal without a decision on the merits.

On July 12, 2019, Berk filed a motion for leave to file a delayed motion for new trial (State Court Record, ECF No. 12, Exs. 18, 19).  The Common Pleas Court denied the Motion as untimely and for lack of any new evidence. *Id.* at Ex. 22.  Berk did not appeal.

In February, 2021, Berk filed two Motions for Relief from Judgment. *Id.* at Exs. 23, 24. The Common Pleas Court denied the motions on the basis of *res judicata. Id.* at Ex. 26.  The Tenth District affirmed. *Id.* at Ex. 33.  When the Tenth District also denied reconsideration, Berk appealed to the Ohio Supreme Court which declined jurisdiction.  *Id.* at Ex. 42.

Berk filed a new motion for relief from judgment in June, 2023. *Id.* at Ex. 43.  The Common Pleas Court again denied relief and the Tenth District affirmed (State Court Record, ECF No. 12, Exs. 48, 52).  On January 28, 2025, the Ohio Supreme Court again declined to exercise jurisdiction. *Id.* at Ex. 62.

Berk filed his Petition in this case on July 23, 2025, pleading one ground for relief:

> **Ground One:** No Fair Trial. Violation of a U.S. Constitutional guarantee. Resulting in due process and equal protection violations of 14th Amendment.

**Supporting Facts:** The State deliberately withheld exculpatory evidence from my July 1985 trial for aggravated murder, where I plead not guilty by reason of an affirmative defense, to obtain a conviction easier. So as to pass a new domestic violence law which was introduced into committee before I was convicted and passed in 1986 after my conviction. State lied during Discovery, committing perjury, fraud, conspiracy and obstruction of justice. See Exhibits A, B1, B2, B3.

(Petition, ECF No. 1, PageID 6).

# Analysis

**Statute of Limitations**

Respondent asserts that merits review of the Petition is barred by the statute of limitations.

The applicable statute of limitations is codified at 28 U.S.C. § 2244(d) which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

§2244 was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which became effective April 24, 1996. Because Petitioner was convicted in 1985 before the AEDPA became law, he was entitled to a one-year grace period so that his Petition would have been timely if it had been filed at any time before April 24, 1997.

Petitioner actually filed July 23, 2025[1], the date he deposited the Petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner asserts timely filing under 28 U.S.C. § 2244(d)(1)(B) such that the statute would run from the date a State-imposed impediment to filing was removed. As the Court understands Petitioner's argument, that would be the day he discovered the Night Prosecutor's Complaint form on which he bases his claim under *Brady v. Maryland*, 373 U.S. 83 (1963).

On July 12, 2019, Petitioner sought leave to file a delayed motion for new trial.[2] In the tendered new trial motion, Berk begins by saying he was convicted by a jury, but had "claimed an affirmative defense." (State Court Record, ECF No. 12, Ex. 19, PageID 223). He does not say what the affirmative defense was, but avers he could not at that time "give the jury a reasonable explanation for why Vicki had filed  false charges and made false statements and claims against

---

[1] Petitioner claims this date of deposit, but provides no independent corroboration (Petition, ECF No. 1, PageID 16). Respondent does not contest that date of filing.

[2] Under Ohio practice when a defendant seeks to file a motion for new trial beyond a certain point in time, he or she must first obtain permission. Ohio R. Crim. P. 33. In 2019 Petitioner was more than thirty years post-verdict.

the defendant through the Columbus Police Department or why she would want to kill or see the defendant dead." *Id.* at PageID 224-25.  He then gives a lengthy narrative beginning in the summer of 1982 when, he alleges, his victim (ex-wife Vicki Berk) was babysitting a young girl, K.P.  Vicki was having an affair with a Phillip Miller.  K.P. caught them at it and began publicly saying Vicki had a boyfriend.  Vicki broke off the affair and in retaliation Miller killed K.P. in the summer of 1982.  In September 1982 Petitioner caught his spouse engaged in sex with Miller.  When he confronted her with what he had seen, there was a purported reconciliation.  However, Vicki did not stop "seeing" Miller and "secretly" filed for divorce from Petitioner in May, 1984.  Then on June 12, 1984, she filed a complaint for domestic violence against Petitioner in the Columbus Night Prosecutor's Office.  Petitioner was summoned to the Night Prosecutor's Office on June 19, 1984, on the basis of that complaint which was marked "resolved" the same date.  The divorce became final September 12, 1984, but Petitioner still confronted Vicki on October 5, 1984, about continuing to see Miller who he believed had killed K.P.  He continued to confront Vicki over the intolerable situation that Miller had access to Petitioner's children.  Then on January 4, 1985, Petitioner killed Vicki and she was "elevated to the status of martyrdom for domestic violence by the media and the powers that be at that time." (PageID 229).

Petitioner provides no corroborative sources for any of the facts proffered in this narrative except his own assertions, a cold case card about K.P.'s murder, and the Night Prosecutor's Complaint which is the basis of his claimed *Brady* violation.

The Common Pleas Court rejected the new trial motion because it found Berk

> has offered no evidence that he was unavoidably prevented from obtaining any of the documents attached to his motion prior to trial, nor does he explain how these documents were ultimately discovered. The Night Prosecutor Complaint Form attached to his motion for new trial is dated June 18, 1984, which is well before Defendant was convicted in July of 1985. Defendant even admits

> that this document is not new evidence. Df. Mt. New Trial, p.5. Without any proof about how or when Defendant obtained the documents attached to his motion this Court finds Defendant has wholly failed to establish he was "unavoidably" prevented from discovering the alleged new evidence actually attached to his motion.

 (Decision and Entry, State Court Record, ECF No. 12, Ex. 22, PageID 250).

Petitioner did not appeal from this Decision.  Instead, he filed two motions for relief from judgment, just shy of the anniversary of the Decision and Entry (Motions, State Court Record, ECF No. 12, Exs. 23 and 24)[3].  To the trial court's finding that he had submitted no new evidence, he noted that he had sworn to the truth of the facts recited in the proffered new trial motion (See PageID 235).  Regarding the Night Prosecutor's Complaint, he asserted, without explaining how[4], that he had obtained it in May, 2019 (PageID 256-57).

These motions are essentially requests for reconsideration of the new trial motion.  The trial judge construed them as motions for post-conviction relief under Ohio Revised Code § 2953.21 and denied them as untimely (Decision and Entry, State Court Record, ECF No. 12, Ex. 26).  This time Berk did appeal.

The Tenth District affirmed the trial court.  It agreed that the Motions for Relief from Judgment should not have been re-cast as post-conviction petitions because they did not allege a constitutional violation.  *State v. Berk*, 2022-Ohio-2297 at ¶ 16 (Ohio App. 10th Dist. Jun. 30, 2022)("*Berk II*").  However, instead of a motion for relief from judgment, Petitioner's proper remedy for error in denying the new trial was appeal. *Id.* at ¶ 20.  Because under Ohio law a motion under Civ. R. 60 cannot be used as a substitute for appeal, the trial court's denial based on *res judicata* was correct. *Id.* at ¶ 23.

---

[3] Berk was aware of the one-year time limit on Rule 60(B) motions.  In fact he describes his filing as "just shy" of that deadline (Reply, ECF No. 16, PageID 730).
[4] "I came to it through an anonymous source." (PageID 257).

Unphased by this defeat, Petitioner again filed a motion for relief from judgment under Ohio Civ. R. 60(B), this time alleging fraud under Rule 60(b)(3)(Motion, State Court Record, ECF No. 12, Ex. 43). Berk alleged the fraud consisted of failing to disclose the Night Prosecutor's Complaint in discovery before trial. He disclosed that he had been visited by the Columbus Police Cold Case detectives in 2015 about K.P.'s murder and had then asked the Ohio Public Defender for help. That office eventually sent him in 2019 the document at issue here. *Id.* at PageID 498-99. In the course of the Motion, he discloses his affirmative defense was that he acted under sudden passion or in a fit of rage.

The Common Pleas Court again recast the motion as a post-conviction petition under Ohio Revised Code § 2953.21 and denied it as untimely (Decision, State Court Record, ECF No. 12, Ex. 48). On appeal the Tenth District considered Berk's theories in the alternative. Considered as a post-conviction petition because it did raise a constitutional claim, the Motion was held to be untimely.[5] *State v. Berk*, 2024-Ohio-1218 ¶ 11 (Ohio App. 10th Dist. Mar. 29, 2024)("*Berk III*"). Considering the Motion as made under Civ. R. 60(B), the Tenth District also found it untimely under the standards applied to such motions. *Id.* at ¶¶ 13-14. On January 28, 2025, the Ohio Supreme Court declined to exercise jurisdiction over a further appeal. (Entry, State Court Record, ECF No. 12, Ex. 62).

The Tenth District found Petitioner's first Rule 60B) motion an improper attempt to substitute for an appeal. Berk replies that although he did not appeal, his first 60(B) motion was timely (Reply, ECF No. 16, PageID 730). But even if the first 60(B) motion was timely filed, that does not make it a proper substitute under Ohio law for an appeal nor does Berk present any argument under Ohio law contradicting the finding that a (60B) motion is not a proper substitute

---

[5] Unlike the federal statute of limitations on habeas corpus cases, which is not jurisdictional, the one-year limitations in Ohio Revised Code § 2953.23 is jurisdictional.

7

for an appeal.

Under federal habeas corpus law, a constitutional claim must be fairly presented to the state courts for a full round of consideration by those courts before it is brought to federal habeas. *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Failure to fairly present the claim results in a procedural default of the claim. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

As cause and prejudice to excuse his delay, Berk cites the COVID-19 pandemic. He presents no corroborating evidence of its effects on him. The Court is aware that the impact was severe, particularly in prisons, but precisely 363 days? And when Berk did file, he chose the wrong remedy; instead of seeking a delayed appeal, he filed a 60(B) motion.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

8

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>                 . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule: trial court errors must be raised by appeal from the final order in question, not a later final order denying a motion for relief from judgment. The Tenth District enforced that rule against Petitioner. The State has a legitimate interest in constructing an intelligible and focused appellate system. And certainly the rule requiring appeal rather than a motion to vacate is completely independent of whether it is a federal or state issue in question. And while pandemic effects could excuse some delay, Petitioner has offered no evidence

9

of how the pandemic particularly affected him.

Petitioner's claim is that the habeas statute of limitations did not begin to run until he discovered the Night Prosecutor's Complaint in May 2019.  If we accept that start date, then the statute is tolled by an "properly filed" collateral attack on the judgment.  28 U.S.C. § 2244(d)(2). Petitioner's first new trial motion tolled the statute from its filing until the last date when Petitioner could have appealed from denial of that motion, March 12, 2020.  The statute was never again tolled by a properly filed collateral attack and thus expired January 11, 2021 (60 days between discovery and filing the first new trial motion plus 305 days missing the appeal date).  Petitioner actually filed July 23, 2025, more than four years later.

Petitioner cannot rely on his motions for relief from judgment to toll the statute because they were not properly filed as a matter of Ohio law.  See *Artuz v. Bennett*, 531 U.S. 4 (2000).

**Merits**

Should the Court reach the merits of Petitioner's claim, it should deny relief for the reasons set forth below.

Petitioner brings his claim under *Brady v. Maryland*, 373 U.S. 83 (1963), where the Supreme Court held the State has a duty to produce exculpatory evidence in a criminal case.  If the State withholds evidence and it is material, the conviction must be reversed.  To achieve this goal, "*Brady* held 'that the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995) (quoting *Brady*, 373 U.S. at 87).  To state a *Brady* claim, a defendant must allege that: (1) the government

10

suppressed evidence; (2) the evidence is favorable to the defendant because it is either exculpatory or impeaching; and (3) the evidence is material, i.e., the suppression of the evidence prejudiced the defendant. See *Strickler v. Greene*, 527 U.S. 263, 280-82 (1999). Prejudice occurs where "'there is a reasonable probability' that the result of the trial would have been different if the suppressed [evidence] had been disclosed to the defense." *Id*. at 289.

Petitioner claims that Vicki Berk's complaint in the Columbus Prosecutor's Night Court meets the *Brady* criteria. Respondent does not assert that the prosecutors disclosed this document to Petitioner's counsel at the time of trial. Instead Respondent relies on the States courts' conclusion that the document is not exculpatory and not material.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

In *Berk II* the Tenth District noted the findings of the Common Pleas Court that Vicki's allegations against Berk were not new evidence because Berk knew of them at the time of the Night Prosecutor's proceedings and could have testified about them at trial. The trial court at least implicitly held the Complaint form was not material evidence because it was unlikely to have changed the result of the trial. The Tenth District affirmed on a different basis, but left those

11

findings stand.

In *Berk III*, the Tenth District found "Mr. Berk argues this report would have supported a self-defense claim but he does not explain how the document itself establishes Ms. Berk's malice." *Berk III* at ¶ 14. This finding again upholds the trial court's finding that the State committed no *Brady* violation.

The Magistrate Judge concludes these findings by the Ohio courts are entitled to deference. It is unclear at best how presenting the Night Prosecutor's Complaint would have supported either a self-defense or sudden passion or fit of rage argument at trial. The fact that Vicki Berk accused Petitioner of domestic violence six months before he stabbed her to death says nothing about his state of mind at the time of the killing but would tend to support the State's case. In other words, for the Night Prosecutor's Complaint to be exculpatory, the jury would have to believe Berk's trial testimony that it was all lies. In a sense, it would give the prosecution the rare chance to present a murder victim's complaints against her killer[6]. Because the Night Prosecutor's Complaint is only exculpatory on the thinnest reed of an argument, the state courts' finding that it would not likely change the result (i.e., that it is not material) is well within the range of reasonable fact determinations.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that

---

[6] A prominent twentieth century defense attorney often said he preferred murder cases because there was always one less adverse witness.

12

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

 February 18, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #