# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

OTTO BERK,

          Petitioner,    :        Case No. 2:25-cv-00830

  - vs -                      District Judge James L. Graham
                                  Magistrate Judge Michael R. Merz

AARON MOHR, WARDEN,
 Marion Correctional Institution,

                             :

          Respondent.

## OPINION AND ORDER

This habeas corpus case, brought by Petitioner Otto Berk *pro se* under 28 U.S.C. § 225e4, is before the Court on Petitioner's Objections (the "Objections," ECF No.20) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report," ECF No. 19).  The Magistrate Judge recommends dismissal because the Petition is barred by the statute of limitations and the undisclosed document was not required to be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963).

Petitioner's first objection is to the transfer of the Magistrate Judge reference in this case from Magistrate Judge Gentry to Magistrate Judge Merz (Objections, ECF No. 20, PageID 789). Petitioner has no standing to object to the transfer.  The Court has authority to allocate cases among its Magistrate Judges as needed and litigants have no right to have their case assigned to a particular judge.  Petitioner does not claim that Magistrate Judge Merz is disqualified from considering the

1

case under 28 U.S.C. § 144 or § 455, the judicial disqualification statutes.

Petitioner's only stated reason for objecting to the transfer is that Judge Gentry had ordered Respondent to answer upon a finding that the face of the Petition did not plainly show Petitioner was not entitled to relief.  That is the equivalent to a finding in an ordinary civil case that the complaint properly states a claim for relief which the opposing party must answer.

Petitioner's second set of objections is that the Report does not deal with each of the asserted procedural errors made by the Ohio courts.  Federal courts in habeas do not sit to correct asserted errors of state procedural law unless the state procedure embodies a federal constitutional guarantee, for example, the *Miranda* warnings.  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Lastly, Petitioner reargues how the Night Prosecutor's Complaint could have changed the outcome of his trial.  To reach that conclusion, the jury would have had to believe his testimony that his wife was lying when she accused him, months before he murdered her, of felonious assault. That is a completely speculative conclusion.  It seems much more likely that the prosecutor would have welcomed the chance to show that Petitioner had acted in accordance with his violent character when he murdered her.  If Petitioner had introduced the prior complaint, the prosecutor would not have had to satisfy the limits on prior bad acts evidence in Ohio R. Evid. 608.  In any event, the Ohio courts' conclusion that the Night Prosecutor's Complaint was not material is within the realm of a reasonable determination of the facts.

Accordingly, it is hereby **ORDERED** that the Report be adopted and the Petitioner's

2

Objections overruled.  The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 10, 2026.

/s/James L. Graham

James L. Graham
United States District Judge