# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION AT COLUMBUS

OTTO BERK, III,

                Petitioner,    :      Case No. 2:25-cv-00830

  - vs -                      District Judge James L. Graham
                               Magistrate Judge Michael R. Merz

AARON MOHR, WARDEN,
  Marion Correctional Institution,

                            :
                Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Otto Berk, III, under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion for Relief from Judgment (ECF No. 26).  The Court previously denied Petitioner's Motion to Amend under Fed.R.Civ.P. 59(e) because it was filed outside the rigid deadline for such motions (ECF No. 25).  The instant motion, however, is well within the time limits for motions under Rule 60(b).

Post-judgment motions such as those under Rule 60 are referred to an assigned Magistrate Judge for a report and recommendations.  28 U.S.C. § 626(b)(3).

Fed. R. Civ. P. 60(b) provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Petitioner cites Rule 60(b)(1) and asserts that he was surprised by the Court's finding that his ex-wife's Night Prosecutor's Complaint accusing him of felonious assault was found not be disclosable as exculpatory under *Brady v. Maryland*, 373 U.S. 83 (1963) where the Supreme Court held the State has a duty to produce exculpatory evidence in a criminal case and if the State withholds evidence and it is material, the conviction must be reversed.

For the reasons already discussed at length in the Magistrate Judge's Report and Recommendations on the merits (ECF No. 19), the state courts' determination that the Night Prosecutor's Complaint is not exculpatory *Brady* material is a reasonable determination of the facts, entitled to deference under 28 U.S.C. § 2254(d)(2). Berk cannot legitimately claim surprise that the District Judge adopted that Report and dismissed the case because he had a full opportunity to object to that proposed conclusion.

The Motion for Relief from Judgment should be denied.

2

June 2, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.