**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **Otto Berk III,** | : | |
| | : | **Case No. 2:25-cv-00830** |
| **Petitioner,** | : | |
| v. | : | **Judge Graham** |
| | : | |
| **Aaron Mohr, Warden,** | : | **Magistrate Judge Merz** |
| **Marion Correctional** | : | |
| **Institution,** | : | |
| | : | |
| **Respondent.** | : | |

## ORDER

This habeas corpus case, brought *pro se* by Petitioner Otto Berk, III, under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections ("Objections," doc. 28) to the Magistrate Judge's Report and Recommendations ("Report," doc. 27) recommending denial of Petitioner's Motion for Relief from Judgment (the "Motion," doc. 26).

A motion for relief from judgment, being filed post-judgment, is deemed referred to an assigned Magistrate Judge under Fed.R.Civ.P. 72(b)(3), requiring the Magistrate Judge to file a report and recommendations rather than render an initial decision on such motions. The District Court accordingly reviews any such report *de novo*, with particular attention to any points on which a party makes objection. The Court has applied that standard of review to the Magistrate Judge's Report.

In this case Petitioner seeks relief from his 1985 conviction in the Franklin County Court of Common Pleas on one count of aggravated murder of his ex-wife

[1]

("Petition," doc. 1). Berk filed his Petition in this case on July 23, 2025, pleading one ground for relief:

> **Ground One:** No Fair Trial. Violation of a U.S. Constitutional guarantee. Resulting in due process and equal protection violations of 14th Amendment.
>
> **Supporting Facts:** The State deliberately withheld exculpatory evidence from my July 1985 trial for aggravated murder, where I plead not guilty by reason of an affirmative defense, to obtain a conviction easier. So as to pass a new domestic violence law which was introduced into committee before I was convicted and passed in 1986 after my conviction. State lied during Discovery, committing perjury, fraud, conspiracy and obstruction of justice. See Exhibits A, B1, B2, B3.

(*Id.* at # 6).

The Magistrate Judge recommended dismissing the Petition with prejudice because (1) it was barred by the statute of limitations and (2) the Ohio courts' determination that the Night Prosecutor's Complaint Vicki Berk filed against Petitioner about six months before she was murdered was not disclosable under *Brady v. Maryland*, 373 U.S. 83 (1963), because it was not exculpatory or material. Petitioner filed Objections (doc. 20) which the Court considered and overruled ("Opinion and Order," doc. 22). The Clerk entered judgment in accordance with the Opinion and Order (doc. 23).

Petitioner now seeks relief from that Judgment under Fed.R.Civ.P. 60(b)(1) (doc. 26). Fed. R. Civ. P. 60(b)(1) provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment,

[2]

order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect;" Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). In his Motion, Petitioner quoted Rule 60(b)(1) but did not say on which of the four possible bases he was relying. The Report read the Motion as relying on surprise and rejected that ground. Petitioner objects[1] and the Court now reads Petitioner as relying on the Court's asserted mistake in the Opinion and Order in not finding a *Brady* violation.

The Magistrate Judge recommended denying the 60(b)(1) motion because in the Opinion and Order dismissing the case the Court had deferred to the Ohio courts' finding that the Night Prosecutor Complaint was not *Brady* material. Petitioner objects to the Magistrate Judge's 60(b)(1) Report on several grounds.

First, Petitioner objects "to the Magistrate making a report and recommendation of or on my Fed. R. 60. . ." (doc. 28, # 850). Petitioner believes it is inappropriate to

> require a subordinate to sit in judgment of a Motion to vacate his superior's opinion and order and remain dispassionate and fair.  The subordinate is not qualified to do so.  In short, a Magistrate is not qualified to recommend

---

[1] Petitioner did claim "surprise" at the Court's ruling on the Night Prosecutor Complaint (Motion, ECF No. 26, PageID 833).  The Court assumes that is the textual basis of the Magistrate Judge's understanding of the basis of the 60(b)(1) motion.

> that his Boss's opinion be vacated, the mere appearance of impropriety is enough to sustain my Objection.

*Id.* at # 851. This objection is overruled. Although Magistrate Judges are indeed subordinate judicial officers, how they are used is subject to the discretion of the Court within the bounds of the statute which creates the office, 28 U.S.C. § 636, et seq. The District Judges of the Southern District unanimously decided to refer all habeas corpus cases to the Magistrate Judges in adopting Amended General Order 22-05.[2] That Order provides in pertinent part: "Each such case is hereby referred to the assigned Magistrate Judge for all purposes including deciding any matters classified by law as non-dispositive and filing a report and recommendation on all matters classified by law as dispositive." That language encompasses motions to vacate under Rule 60(b) which are classified as dispositive by law because they are filed post-judgment. There is no appearance of impropriety in the Magistrate Judge's filing a report and recommendations in a case assigned to her or him.

Petitioner's second objection is to the Magistrate Judge's analyzing his Rule 60(B)(1) motion as relying on surprise (doc. 28, # 851-54). Petitioner makes it clear that his claim is that the Night Prosecutor Complaint that his wife filed against him six months before he killed her was exculpatory because he claims everything in it is a lie and that his 60(b)(1) claim is the Court made a mistake deferring to the Ohio courts on this issue. *Id.* at # 854.

---

[2] Available on the Court's website at:
https://www.ohsd.uscourts.gov/sites/ohsd/files//General%20Order%2022-05.pdf.

As the Court held in the Opinion and Order, the state court's determination that the Night Prosecutor Complaint was not *Brady* material is a completely reasonable determination of the facts and therefore entitled to deference under 28 U.S.C. § 2254(d)(2). Nothing Petitioner has written in his Objections persuades the Court to the contrary. In fact, Petitioner makes no effort in his Objections to rebut that conclusion. If Petitioner had had this document and his own attorney had attempted to present it at trial, it would raise a serious issue of ineffective assistance of trial counsel. How could it be effective assistance to introduce the statements of a deceased victim that her husband had assaulted her on an occasion prior to murdering her?

Petitioner's third objection is to the Report's statement that "Berk cannot legitimately claim surprise that the District Judge adopted that Report and dismissed the case because he had a full opportunity to object to that proposed conclusion." That statement appears at doc. 27, # 848. Petitioner objects that the Court's Opinion and Order did not reach him until April 13, 2026 (doc. 28, # 855). But that is not the "opportunity to object" to which the Report refers. The Magistrate Judge's Report and Recommendations on the merits, which includes notice of the opportunity to object (doc. 19, # 785) was filed February 18, 2026, and served on Petitioner by mail the same day. Petitioner did object on the merits (doc. 20) and the Court overruled the Objection in the Opinion and Order (doc. 22, # 808).  The Magistrate Judge's comment to which Petitioner objects is an accurate statement and Petitioner's objection to it is overruled.

[5]

**CONCLUSION**

Having considered *de novo* Petitioner's Objections, the Court overrules Objections One and Three and has made its own analysis of the Motion as if claiming "mistake" instead of "surprise." In addition to reaffirming its merits decision, the Court notes Petitioner has made no claim the Court's statute of limitations decision is a mistake.

On the basis of the foregoing analysis, Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(1) is **DENIED**. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 29, 2026

[6]